UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:22-cv-02151-FWS-DFM | Date: February 6, 2023 |
| Title: Brian Stanko v. Brianna Stanko *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, COUNTY OF ORANGE, AND DENYING PLAINTIFF'S REQUEST FOR FEES AND COSTS [11]**

Before the court is Plaintiff Brian Stanko's ("Plaintiff") Motion to Remand to State Court. (Dkt. 11 ("Motion" or "Mot.").) Defendants Brianna Stanko, eBeauty Sales, LLC, d/b/a Premier Look, and Skin Truth, an entity ("Defendants"), untimely filed an Opposition. (Dkt. 13 ("Opposition" or "Opp.").) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **REMANDS** this action to California Superior Court, County of Orange. Further, the court **DENIES** Plaintiff's request for fees and costs.

I.  Background

This action arises out of a dispute between Plaintiff and Defendant Brianna Stanko regarding a change in an ownership interest in Defendant Premier Look after the two divorced. (*See* Dkt. 1, Exh. C ¶¶ 12-15.) In sum, Plaintiff alleges he transferred his controlling interest in Defendant Premier Look to Defendant Brianna Stanko during the divorce proceedings, but that Defendant Brianna Stanko then used the company's assets for her own personal benefit and to start a competing business, Defendant Skin Truth. (*Id.* ¶¶ 16-25.) The Complaint, originally filed in California Superior Court, County of Orange, asserts claims for relief under California law against Defendants for: (1) breach of fiduciary duty; (2) conversion; (3) theft; (4) fraudulent

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02151-FWS-DFM                                   Date: February 6, 2023
Title: Brian Stanko v. Brianna Stanko *et al.*

_____

concealment; (5) fraud; (6) usurping corporate opportunity; (7) aiding and abetting breach of fiduciary duty; (8) unfair competition; (9) interference; and (10) an accounting.  (*Id.* ¶¶ 26-71.)

**II.    Legal Standard**

    A.    <u>Motion to Remand</u>

    "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citations and internal quotation marks omitted).  A defendant may remove an action from state to federal court only when the suit could have been filed in federal court originally.  28 U.S.C. § 1441(a); *see also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).  If the court finds it lacks subject matter jurisdiction at any time before final judgment, the court must remand the action.  28 U.S.C. § 1447(c).  The removal statute is "strictly construed against removal jurisdiction," and the party invoking the removal statute bears the burden of establishing federal jurisdiction.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted).

    "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."  *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).  Diversity jurisdiction under § 1332 exists only where each defendant is a citizen of a different state than each plaintiff and the amount in controversy exceeds $75,000.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, 554 (2005); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).  Generally, federal question jurisdiction under § 1331 lies where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation and internal quotation marks omitted).

    In its review, the court accepts the "facts alleged in the notice of removal as true, and draw[s] all reasonable inferences in" the nonmoving party's favor.  *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1098 (9th Cir. 2018).  If the truth of jurisdictional allegations are contested by

_____

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-02151-FWS-DFM | Date: February 6, 2023 |
| Title: Brian Stanko v. Brianna Stanko *et al.* | |

introducing evidence outside the pleadings, the party asserting federal jurisdiction bears the burden of proving, by a preponderance of the evidence, that subject matter jurisdiction exists under the same evidentiary standard that governs in the summary judgment context. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014); *see also Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016) ("Because a motion to remand shares an essentially identical procedural posture with a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it is properly evaluated using the same analytical approach."). Where it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing party "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (citation and internal quotation marks omitted). In assessing the amount in controversy, the court may consider allegations in the complaint and the notice of removal, "as well as summary-judgment-type evidence relevant to the amount in controversy." *Id.* "[R]emovability is generally determined as of the time of the petition for removal." *Allen v. F.D.I.C.*, 710 F.3d 978, 984 (9th Cir. 2013) (citations and internal quotation marks omitted).

### III. Discussion

#### A. Defendants' Opposition

As an initial matter, the court notes Defendants untimely filed the Opposition on January 27, 2023. (*See generally* Opp.) Under the schedule set by Local Rule 7-9, Defendants' Opposition was due on January 19, 2022; Defendants filed it eight calendar days late. *See also* L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to [Federal Rule of Civil Procedure] 56 may not be granted solely based on the failure to file an opposition."). However, the court notes the arguments raised in the Opposition do not materially impact the court's decision. As such, the court exercises its discretion to consider the Opposition to the extent it properly raises arguments in response to the Motion. In that respect, the Opposition purports to bring a "Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure" and raises contentions outside the scope

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No.: 8:22-cv-02151-FWS-DFM | Date: February 6, 2023 |
| Title: Brian Stanko v. Brianna Stanko *et al.* | |

of the Motion. (*See generally* Opp.) These arguments improperly exceed the scope of an opposition briefing. *See, e.g.*, *Interworks Unlimited, Inc v. Digital Gadgets, LLC*, 2019 WL 4570013, at *1 (C.D. Cal. June 11, 2019) (declining to consider the defendant's argument that the action should be dismissed where the matter was improperly raised in the defendant's opposition to the plaintiff's motion for summary judgment). As such, the court will not consider the Opposition to the extent it improperly raises such arguments.

    B.    <u>Subject Matter Jurisdiction</u>

Plaintiff argues the court lacks diversity jurisdiction over this matter, which is the sole basis of federal jurisdiction. (Dkt. 11 at 9-12.) Defendants argue that diversity jurisdiction cannot be "vitiated" due to the existence of an asserted agreement between the parties regarding a "waiver of claims." (*See* Opp. at 11.) The court agrees with Plaintiff.

The existence of a waiver of claims agreements holds no bearing on the court's subject matter jurisdiction. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation and internal quotation marks omitted); *see also Bibiano v. Lynch*, 834 F.3d 966, 970 n.4 (9th Cir. 2016) ("Courts should generally decide, as a threshold matter, whether they have subject matter jurisdiction.") (citations omitted). Defendants' assertions that Plaintiff's claims fail on their merits is thus not a cognizable challenge to the court's jurisdiction. *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("'[T]he fact that the complaint discloses the existence of a valid defense to the claim' does not eliminate federal jurisdiction.") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938)).[1]

The Complaint alleges Plaintiff is a resident of California. (Dkt. 1, Exh. C ¶ 1.) It alleges Defendant Premier Look is a limited liability company organized under the laws of Georgia and doing business in California. (*See id.* ¶ 2.) It also alleges Defendant Skin Truth is "an entity of unknown type" that does business in California. (*Id.* ¶ 3.) Assuming, for the

---

[1] The court expresses no view on the merits of any claim or defense raised in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02151-FWS-DFM  Date: February 6, 2023
Title: Brian Stanko v. Brianna Stanko *et al.*

purposes of the Motion, that residency is sufficient to plead citizenship,[2] the Complaint still fails to plead complete diversity of the parties.  Neither the Complaint nor the Notice of Removal alleges the citizenship—or even residency of—Defendant Brianna Stanko, a party named in this action.  (*See generally id.*)  Nor does either properly allege the citizenships of the entity defendants in this action.  *See* 28 U.S.C. § 1332(c)(1) (citizenships of corporations); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192 (1990) (citizenships of artificial entities are determined based on the citizenships of all their members).  Moreover, the Notice of Removal, without introducing any corroborating evidence, disputes the Complaint's allegation that "the sole member of Brianna Beauty LLC dba Skin Truth" is Defendant Brianna Stanko because that entity "has two members, one is a resident of California and the other member is a resident of Colorado" with its "principal place of business in Georgia."  (*See* Dkt. 1 at 4.)  Even if the court accepted that unsupported contention as true, Defendant Skin Truth, an LLC, would be a citizen of the states of its members, including California.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state which its owners/members are citizens.").  Because Plaintiff is also a citizen of California, diversity jurisdiction would still be lacking.  *See Kroger*, 437 U.S. at 373 ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff.") (emphasis removed).

Plaintiff brings no federal claims in this action, nor is there any other apparent basis for this court's jurisdiction over the matter.  Accordingly, the court finds it lacks subject matter jurisdiction over this action, and it must be remanded.[3]  *See* Fed. R. Civ. P. 12(h)(3).

---

[2] Though "residency is not equivalent to citizenship," *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019), "[a]t minimum, a person's residence constitutes *some* evidence of domicile," *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (citation omitted).

[3] Because the court lacks subject matter jurisdiction, it does not address Plaintiff's other substantive arguments.  However, the court observes Defendants filed the Notice of Removal more than 14 months after Plaintiff filed the Complaint.  (*See* Dkt. at 1.)  A defendant must remove a case from state to federal court either thirty days after receipt of the initial pleading, *see* 28 U.S.C. § 1446(b)(1), or, "[i]f the case stated by the initial pleading is not removable,"

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02151-FWS-DFM    Date: February 6, 2023
Title: Brian Stanko v. Brianna Stanko *et al.*
_____

    C.    <u>Fees and Costs</u>

    The court, in its discretion, may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of [an improper] removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Jordan*, 781 F.3d at 1184 (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). "Removal is not objectively unreasonable 'solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018) (quoting *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)). Courts in the Ninth Circuit evaluate the "clarity of the law at the time of removal" to determine whether relevant case law clearly foreclosed the defendant's basis of removal. *See Lussier*, 518 F.3d at 1066. The purpose of awarding fees under § 1447(c) is "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140; *see also Schiff v. Liberty Mut. Fire Ins. Co.*, 784 F. App'x 490, 492 (9th Cir. 2019).

    If the court finds a party is eligible for fees, the court must then determine what fees are reasonable. *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Courts generally "start by applying the 'lodestar method,' i.e., multiplying 'the number of hours the prevailing party reasonably expended on the

---

thirty days "after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," *id.* § 1446(b)(3). Though the record does not support, nor do Defendants argue, that the later deadline set by § 1446(b)(3) should apply here, (*see* Dkt. 1 at 1-3), even if it did, Defendants' removal would still clearly be untimely and thus improper.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-02151-FWS-DFM  　　　　　　　　　　　　Date: February 6, 2023
Title: Brian Stanko v. Brianna Stanko *et al.*

litigation by a reasonable hourly rate.'" *Id.* (quoting *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013)).

　　In determining a reasonable hourly rate, courts "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (citation and internal quotation marks omitted). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Gonzalez*, 729 F.3d at 1205 (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)). The court may also draw on its "own knowledge and experience" in setting a reasonable hourly rate. *Ingram*, 647 F.3d at 928. A "reasonable" number of hours is an amount that could reasonably have been billed to a private client. *Gonzalez*, 729 F.3d at 1202.

　　In this case, Plaintiff seeks a total award of $10,500 for fees and costs. (Mot. at 15-16; Dkt. 11-2 ¶ 7.) Plaintiff seeks renumeration for 28 hours of work, 20 of which were spent drafting the Motion, related legal research, and reviewing the underlying documents, while the remaining eight additional hours relate to anticipated work to be performed in connection with a reply brief and the hearing on this matter. (Dkt. 11-2 ¶ 7.) Plaintiff also seeks an award of a "blended" rate of $375 per hour, calculated based on two attorneys' agreed-upon partner rates of $350-395 per hour. (*Id.*)

　　The court, in its discretion, declines to award Plaintiff's sought fees. Plaintiff has not submitted sufficient supporting documentation or cited adequate authority demonstrating the sought hourly rate is reasonable. (*See generally* Mot.; Dkt. 11-2.) No billing records have been submitted to the court, and the descriptions of the work performed by Plaintiff's counsels are too lacking in detail for the court to determine whether the hours worked were reasonable. (*See* Dkt. 11-2 ¶ 7.) Plaintiff's counsel offers to submit redacted billing records at "a later time," (*id.*), but Plaintiff's counsel's supporting declaration does not provide sufficient detail why he was unable to submit the presumably existing draft records underlying his proffered calculations with the Motion, or state specifically when those records could be provided to the court, (*see id.*). Based on the materials before the court, the court is unable to discern the reasonableness of the work performed by Plaintiff's counsels, and therefore finds Plaintiff has

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-02151-FWS-DFM | Date: February 6, 2023 |
| Title: Brian Stanko v. Brianna Stanko *et al.* | |

not carried his burden to demonstrate that the hours billed to this case are reasonable.[4]  *See Gonzalez*, 729 F.3d at 1202 ("The prevailing party has the burden of submitting billing records to establish that the number of hours it has requested are reasonable.  Thus, to determine whether attorneys for the prevailing party could have reasonably billed the hours they claim to their private clients, the district court should begin with the billing records the prevailing party has submitted.") (citation omitted).  Accordingly, the court declines to award fees and costs.  *See Serra v. Huckins*, 2022 WL 12448510, at *3 (C.D. Cal. Oct. 21, 2022) (exercising discretion and declining to award fees where supporting declaration "provid[ed] no basis to justify the $650 hourly rate and few details on what research counsel did to prepare for the motion").

**IV.   Disposition**

For the reasons set forth above, the court **GRANTS** the Motion and **REMANDS** this action to California Superior Court, County of Orange.  Further, the court **DENIES** Plaintiff's request for fees and costs.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku

---

[4] Moreover, the eight hours of anticipated work for which Plaintiff seeks to recover are unreasonable on the additional grounds that Plaintiff did not file a reply brief and the court took this matter under submission without holding a hearing.  (*See generally* Dkts. 11, 13-14.)